No. 23,161.

CHARLES STULL, *Appellee,* v. A. E. BURDETT and H. R. GREEN,
*Appellants.*

SYLLABUS BY THE COURT.

CONTRACT—*Pasturing of Cattle—Evidence of Partnership—Special Findings— Verdict.* The record examined, and held sufficient to establish a partnership liability on a contract to lease pasture land for cattle; that the partnership existed; that the contract was made; that the pasture land was provided by the plaintiff; that the failure of one of the defendant partners to reduce the oral contract to writing as he had agreed to do did not defeat the contract; that the objections to evidence concerning one partner's statements to bind the other were properly overruled; that the special findings were consistent with the general verdict; and that the verdict and judgment (for a less amount than was proved to be due) contained no error. of which defendants have a right to complain.

Appeal from Ness district court; ALBERT S. FOULKS, judge. Opinion filed February 11, 1922. Affirmed.

*J. E. Brooks,* of Sedan, for the appellants.
*Roy H. Baer,* and *Lorin T. Peters,* both of Ness City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover damages for breach of a contract pertaining to pasturage for cattle. It was alleged by plaintiff, in substance, that defendant Green, a partner of the firm of Burdett & Green, contracted with plaintiff for pasturage for 150 head of steers for the winter season from November 1, 1918, until April 1, 1919, and agreed to pay $1.50 per head per month, and that plaintiff, relying on this contract, provided the pasture for this number of steers, but that defendants failed and neglected to furnish the cattle, and that plaintiff's damage for such breach of contract was $1,237.50.

The defendant Burdett's answer, among other matters, denied the partnership under oath, denied Green's authority to bind him, denied that Green had made the contract alleged, and denied that plaintiff was ready, willing and able to furnish the pasture.

Defendants' demurrer to plaintiff's evidence was overruled. A verdict for $825 in favor of plaintiff was rendered, and judgment was given accordingly.

The jury also answered certain special questions:

"Q. 1. Do you find that the defendants, A. E. Burdett and H. R. Green were partners in the identical stock for which Green undertook to rent pasture from the plaintiff, Stull? A. Yes.

"Q. 2. If you answer question number 1 in the affirmative, state when and where such partnership arrangement was made?   A.  Somewhere.

"Q. 3. In the conversation held between Stull and Green, did Stull request Green to prepare or have prepared and forwarded to him a written contract concerning the pasturing of the stock?   A.  Yes.

"Q. 4. If you answer the preceding question in the affirmative, state whether such contract was at any time prepared and sent to Stull?   A.  No.

"Q. 5. If you answer question number 3 in the affirmative, state whether or not the plaintiff Stull at any time prepared or had prepared any such contract and submitted the same to either Burdett or Green?   A.  No."

The first and perhaps the closest question presented for our review relates to the sufficiency of the evidence when challenged by defendants' demurrer.  Was there evidence to prove a partnership between Burdett and Green?  In substance it was this:  Burdett and Green were admittedly partners in the ownership of another herd of cattle which were being pastured by one Johnson, a neighbor of plaintiff, and were obligated to Johnson as partners in that matter.  Green brought Johnson with him to witness the bargain which he, Green, made with plaintiff, which bargain has become the subject of this lawsuit.  Green made the contract, and Johnson stated its terms.  Johnson testified:

"Q. But it was you that stated the conditions of the agreement between Mr. Green and Mr. Stull?   A.  Yes, sir.  . . .

"A. It was talked over by them; I stated the contract to get it straight as they were going to use me for a witness.

"Q. As a witness to the contract?   A.  Yes."

It was also shown that one John T. Denton and Green were partners in a herd of Texas cattle, and that these were the cattle intended to be placed in plaintiff's pasture, and that Burdett acquired Denton's interest in that herd.  It was also shown that Johnson, whom Green had brought along to witness his contract with plaintiff, had a conversation with Denton and Burdett:

"A. I asked Mr. Burdett and Mr. Denton; I was talking to the two of them, when they were going to furnish Mr. Stull cattle.

"Q. Did Mr. Burdett state he did not know?   A.  He said he did not know.

"Q. And Mr. Denton said if he don't furnish them we will have to?   A. Mr. Burdett asked what kind of agreement we made with Mr. Stull.

"Q. Then he made the remark I have just quoted?   A.  Yes, sir.

"Q. And Mr. Burdett made no answer to that?   A.  Yes, sir.  . . .

"Q. And that language was spoken to Burdett, if Green don't furnish the cattle we will have to?   A.  If Hugh don't make his word good we will have to, was the language he used."

While Burdett denied that Johnson had asked him when he and Green were going to furnish plaintiff with cattle, he admitted:

"Q. Mr. Denton did not say at that time if the other fellow did not furnish the cattle that you and he would have to?   A. Yes, that we would have to make Green's word good.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Oh, you were there.   When Mr. Denton said he and you would furnish the cattle all right, what did you do?    A. I did not do anything.

"Q. You did not say you would not, did you?   A. No, I did not."

The foregoing are the most significant incidents which we can glean from the record to prove the fact of partnership between Burdett and Green in the matter of the contract made by Green with plaintiff for the pasturage.   They may be rather scant to prove the partnership, but certainly they were sufficient to surmount the demurrer, and the question was properly submitted to the jury.

A fair reading of the record discloses that the other facts in issue were supported by evidence.   The contract between plaintiff and Green was thoroughly established, and although the proof that plaintiff had the requisite pasture is very slight, apparently that was not a seriously contested question.   At the trial it was shown that plaintiff had a pasture which was only divided from Johnson's pasture by a fence, and that the partners considered it desirable that they should lease it so that it would be of little consequence if their cattle in Johnson's pasture would break through into plaintiff's pasture.   There was sufficient evidence on this point to go to the jury, and the general verdict resolves it in plaintiff's favor.

It is also contended that the evidence adduced to prove the contract showed that the minds of the contracting parties, plaintiff and Green, did not meet; that during the negotiations Green said that the matter of plaintiff's nonliability for possible losses of the cattle was one which his partner would have to agree to.   That detail might be important if the cattle had been furnished and some such losses had ensued.   We cannot discern its importance here.

A point is also sought to be made because plaintiff's evidence showed that the oral contract was to be reduced to writing by Green, and plaintiff made repeated demands that the written contract be forwarded to him.   But there was ample evidence to prove the oral contract declared upon in this action.   It is true that the evidence also tended to prove that Green agreed to reduce its terms

to writing; and there was evidence, also, to show plaintiff's threats to cancel the contract and lease the pasture to another unless that was done. But these facts do not necessarily defeat the plaintiff's right to a recovery. They merely presented a situation around which defendants could build a plausible argument before a jury.

Error is also assigned because testimony narrating statements of Denton was introduced before other evidence was introduced establishing partnership relations between Burdett, Green and Denton. This referred to statements of Denton in the absence of Burdett. The court's ruling on this testimony was, "Objection overruled for the present." All the incidents of evidence could not be introduced at once; the order of their introduction was subject to the discretionary supervision of the trial court; and its ruling was not inherently erroneous. Had the partnership relations of Burdett and Green, or Burdett, Green and Denton been left unestablished at the conclusion of all the evidence, then, of course, the evidence of the statements of Denton, and likewise the statements of Green, made in the absence of Burdett, should have been stricken out. But when the evidence was all before the court and jury, these partnership relations were established. Part of this evidence was also objected to because it related to a partnership of Burdett and Green in another herd of cattle. While that evidence standing alone did not prove the partnership liability of Burdett in this lawsuit, yet it was not inadmissible. It was an item of competent evidence to be considered with all the other evidence to show that Burdett and Green were in fact partners in the cattle business and that they were partners in the matter which gave rise to this lawsuit.

Yet another error is urged because of the trial court's refusal to re-refer special question No. 2 to the jury for a more specific answer. Here was no error. It should not have been submitted to the jury at all. There was no issue as to *where* the partnership was formed; there was no evidence on that subject; and the jury's answer, by deduction, was the only one possible. Both question and answer were immaterial.

Nothing further can be discerned in this appeal which would justify discussion. The special findings were consistent with the general verdict. The general verdict, for $825, is for a considerably less amount than plaintiff apparently was entitled to recover, but that is a matter about which defendant can have no complaint. A painstaking review of this cause discloses that from first to last

it was primarily a case of disputed facts, and these have been resolved against the defendant by the tribunal whose function it is to determine them—the jury.

Judgment affirmed.